UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**GYLMA VELANDIA**,                              )
                                                 )
    Plaintiff,                              )
vs.                                              )
                                                 )
**MSC CROCIERE S.A.**, a foreign corporation,    )
**MSC CRUISES S.A.**, a foreign corporation      )
and **MSC CRUISES (USA) INC.**,                  )
a foreign corporation                            )
                                                 )
                                                 )
    Defendants.                             )
_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Comes now, the Plaintiff, **GYLMA VELANDIA**, an individual, by and through the undersigned counsel and sues the Defendants, **MSC CROCIERE S.A.**, a foreign corporation, **MSC CRUISES S.A.**, a foreign corporation, and **MSC CRUISES (USA) INC.**, a foreign corporation, for damages and alleges as follows:

**PARTIES**

1.    The Plaintiff, **GYLMA VELANDIA**, an individual, is a resident of Elmhurst, Chautauqua County, New York, over the age of 18, otherwise *sui juris* and complied with all conditions precedent.

2.    At all times material hereto, Defendant, **MSC CROCIERE S.A.**, was and is a foreign business entity, conducting business in the State of Florida, operating as a cruise line, common carrier, out of Miami, Florida, and conducts substantial and not isolated business in the Southern District of Florida. Pursuant Section 48.193, Florida Statutes (2015), this Court has jurisdiction over

1

the Defendant, as Defendant operates, conducts, engages in, or carries on a business or business venture in Florida and has an office or agency in Florida.

3. At all times material hereto, Defendant, **MSC CRUISES S.A.**, was and is a foreign business entity, conducting business in the State of Florida, operating as a cruise line, common carrier, out of Miami, Florida, and conducts substantial and not isolated business in the Southern District of Florida. Pursuant Section 48.193, Florida Statutes (2015), this Court has jurisdiction over the Defendant, as Defendant operates, conducts, engages in, or carries on a business or business venture in Florida and has an office or agency in Florida.

4. At all times material hereto, Defendant, **MSC CRUISES (USA) INC.,** was and is a foreign corporation authorized to do, and doing business in the State of Florida with its principal office located in Ft. Lauderdale, Broward County, Florida, and has by contract made itself subject to the jurisdiction of this Court.

5. The Defendants, **MSC CROCIERE S.A.**, and **MSC CRUISES S.A.**, and **MSC CRUISES (USA) INC.**, (hereinafter are collectively known and referred to as "**MSC CRUISES**").

6. At all times material hereto, **MSC CRUISES** owned, operated and managed the cruise ship M/S MSC DIVINA, which set sail on March 21, 2015 from Miami, Florida.

7. At all times materials hereto, Plaintiff, **GYLMA VELANDIA**, was a paying passenger vacationing on the cruise ship M/S MSC DIVINA for a voyage that departed from Miami, Florida on March 21, 2015. See attached as Plaintiff's Composite Exhibit "1", Plaintiff's M/S MSC Divina cruise summary and cruise identification card.

8. At all times material hereto, Plaintiff, **GYLMA VELANDIA**, was a business invitee of Defendant, **MSC CRUISES**, pursuant to the contractual common carrier relationship.

9. The Defendants, **MSC CRUISES**, were previously properly notified of the claim.

10.     At all times material hereto, all conditions precedent to the commencement of this action have been met.

## JURISDICTION AND VENUE

11.     This is an action for damages that arose in the high seas and therefore is a case within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333. Defendant, **MSC CRUISES**, are corporations authorized to do and doing business in the State of Florida, and have by contract made themselves subject to the jurisdiction of this Court.

12.     This is an action for damages, which exceeds $ 75,000.00.

13.     Venue is proper in the Southern District of Florida pursuant the Defendant's ongoing business transactions in Miami-Dade and Broward County, Florida.

14.     The Defendants are subject to the jurisdiction of this Court as, at all times relevant engaged in continuous and systematic business in this State. Moreover, the Defendants, made use of the means and instrumentalities of interstate commerce, the means and instruments of transportation and communication in interstate commerce.

## FACTUAL BACKGROUND

15.     On March 25, 2015, while on MSC DIVINA, the Plaintiff, **GYLMA VELANDIA** was walking towards her assigned dining room, when she was caused to slip and/or trip and fall due to a foreign substance that had been allowed to accumulate on the floor.

16.     The Plaintiff was caused to suffer severe injuries as a result of the Defendant's negligence.

## COUNT I- NEGLIGENCE
### (AGAINST MSC CROCIERE S.A.)

The Plaintiff, **GYLMA VELANDIA**, hereby adopts and realleges each and every allegation in paragraphs 1 through 16, above.

17. The Defendant owed the Plaintiff a duty to exercise reasonable care for the safety of its passengers, a duty to exercise reasonable care under the circumstances, and, but not limited to, a duty to warn of dangers known, or those it should have known, to the carrier in places where the passenger is invited to, or may reasonably be expected to visit.

18. Notwithstanding said duty, the Defendant breached those duties and was negligent by:

    a. Failing to require crew members to wipe down wet and/or soiled areas at or near the hallway and/or entryway near the dining room;
    b. Failing to warn anyone including the Plaintiff who would walk in said area, in the vicinity of the said area of the dangerous condition and the fact that the floor was soiled;
    c. Failing to inspect for and to observe the foreign substance on the floor at or near the hallway and/or entryway near the dining room;
    d. Observing that the floor area was soiled, but failing to wipe down the soiled floor area;
    e. Failing to implement a method of operation, which was reasonable and safe and would prevent dangerous conditions such as the one in this case;
    f. Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises which would cause accidents or injuries;
    g. Providing negligent maintenance to the area or to the premises;
    h. Utilizing or allowing negligent methods of operations;
    i. Failing to otherwise maintain the area and the premises in a safe and reasonable manner;
    j. Failing to comply with applicable industry standards, statutes, and/or regulations, the violation of which is negligence per se and/or evidence of negligence;
    k. Failing to otherwise provide its passengers with a safe place to walk;
    l. Failing to properly maintain the hallway and/or entryway near the dining room, so as to prevent passengers from falling; and/or
    m. Failing to comply with applicable standards, statutes, and/or regulations, the violation of which is negligence per se and/or evidence of negligence.

19. The Defendant created a dangerous condition on the subject ship and allowed the dangerous

condition to exist thereby causing an accident on the date referenced above in which the Plaintiff was severely injured.

20. The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

21. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

22. In the alternative, notice to the Defendant is not required because the Defendant engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

23. The negligent condition was created by the Defendant; and was known to the Defendant; and had existed for a sufficient length of time so that Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant.

24. The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

25. As a result of the Defendant's negligence, the Plaintiff has suffered bodily injury resulting in pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing.

26. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff, **GYLMA VELANDIA**, demands judgment against **MSC CROCIERE S.A.**, in excess of the Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs and demands a trial by jury of all issues triable as of right by jury.

## COUNT II- NEGLIGENCE
## (AGAINST MSC CRUISES S.A.)

The Plaintiff, **GYLMA VELANDIA**, hereby adopts and realleges each and every allegation in paragraphs 1 through 16, above.

27. The Defendant owed the Plaintiff a duty to exercise reasonable care for the safety of its passengers, a duty to exercise reasonable care under the circumstances, and, but not limited to, a duty to warn of dangers known, or those it should have known, to the carrier in places where the passenger is invited to, or may reasonably be expected to visit.

28. Notwithstanding said duty, the Defendant breached those duties and was negligent by:

    a. Failing to require crew members to wipe down wet and/or soiled areas at or near the hallway and/or entryway near the dining room;
    b. Failing to warn anyone including the Plaintiff who would walk in said area, in the vicinity of the said area of the dangerous condition and the fact that the floor was soiled;
    c. Failing to inspect for and to observe the foreign substance on the floor at or near the hallway and/or entryway near the dining room;
    d. Observing that the floor area was soiled, but failing to wipe down the soiled floor area;
    e. Failing to implement a method of operation, which was reasonable and safe and would prevent dangerous conditions such as the one in this case;
    f. Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises which would cause accidents or injuries;
    g. Providing negligent maintenance to the area or to the

6

       premises;
- h. Utilizing or allowing negligent methods of operations;
- i. Failing to otherwise maintain the area and the premises in a safe and reasonable manner;
- j. Failing to comply with applicable industry standards, statutes, and/or regulations, the violation of which is negligence per se and/or evidence of negligence;
- k. Failing to otherwise provide its passengers with a safe place to walk;
- l. Failing to properly maintain the hallway and/or entryway near the dining room, so as to prevent passengers from falling; and/or
- m. Failing to comply with applicable standards, statutes, and/or regulations, the violation of which is negligence per se and/or evidence of negligence.

29. The Defendant created a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an accident on the date referenced above in which the Plaintiff was severely injured.

30. The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

31. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

32. In the alternative, notice to the Defendant is not required because the Defendant engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

33. The negligent condition was created by the Defendant; and was known to the Defendant; and had existed for a sufficient length of time so that Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant.

34. The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

35. As a result of the Defendant's negligence, the Plaintiff has suffered bodily injury resulting in pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing.

36. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff, **GYLMA VELANDIA**, demands judgment against **MSC CRUISES S.A.**, in excess of the Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs and demands a trial by jury of all issues triable as of right by jury.

### COUNT III- NEGLIGENCE
### (AGAINST MSC CRUISES (USA) INC.)

The Plaintiff, **GYLMA VELANDIA**, hereby adopts and realleges each and every allegation in paragraphs 1 through 16, above.

37. The Defendant owed the Plaintiff a duty to exercise reasonable care for the safety of its passengers, a duty to exercise reasonable care under the circumstances, and, but not limited to, a duty to warn of dangers known, or those it should have known, to the carrier in places where the passenger is invited to, or may reasonably be expected to visit.

38. Notwithstanding said duty, the Defendant breached those duties and was negligent by:

      a. Failing to require crew members to wipe down wet and/or soiled areas at or near the hallway and/or entryway near the dining room;
      b. Failing to warn anyone including the Plaintiff who would walk in said area, in the vicinity of the said area of the dangerous condition and the fact that the floor was soiled;
      c. Failing to inspect for and to observe the foreign substance on the floor at or near the hallway and/or entryway near the dining room;
      d. Observing that the floor area was soiled, but failing to wipe down the soiled floor area;
      e. Failing to implement a method of operation, which was reasonable and safe and would prevent dangerous conditions such as the one in this case;
      f. Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises which would cause accidents or injuries;
      g. Providing negligent maintenance to the area or to the premises;
      h. Utilizing or allowing negligent methods of operations;
      i. Failing to otherwise maintain the area and the premises in a safe and reasonable manner;
      j. Failing to comply with applicable industry standards, statutes, and/or regulations, the violation of which is negligence per se and/or evidence of negligence;
      k. Failing to otherwise provide its passengers with a safe place to walk;
      l. Failing to properly maintain the hallway and/or entryway near the dining room, so as to prevent passengers from falling; and/or
      m. Failing to comply with applicable standards, statutes, and/or regulations, the violation of which is negligence per se and/or evidence of negligence.

39. The Defendant created a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an accident on the date referenced above in which the Plaintiff was severely injured.

40. The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

9

41. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

42. In the alternative, notice to the Defendant is not required because the Defendant engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

43. The negligent condition was created by the Defendant; and was known to the Defendant; and had existed for a sufficient length of time so that Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant.

44. The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

45. As a result of the Defendant's negligence, the Plaintiff has suffered bodily injury resulting in pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing.

46. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff, **GYLMA VELANDIA**, demands judgment against **MSC CRUISES (USA) INC.**, in excess of the Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs and demands a trial by jury of all issues triable as of right by jury.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated this ___23___ day of March, 2016.

Respectfully submitted,

**Velasquez Dolan Arias, P.A.**
Counsel for Plaintiff
101 North Pine Island Road – Suite 201
Plantation, Florida, 33324
Phone: (954) 382-0533 – Fax: (954) 382-0585

By: ___/s/ *Carlos A. Velasquez*___
      CARLOS A. VELASQUEZ, ESQ.
      Florida Bar No.: 755982
      WILLIAM R. SOLER, ESQ.
      Florida Bar No.: 105579